RICHARD RANDION, PLAINTIFF, v. THE CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY, DEFENDANT.

Submitted October term, 1928—Decided December 20, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the plaintiff, *Salvatore F. La Corte* and *Louis J. Feit.*

For the defendant, *William A. Barkalow.*

PER CURIAM.

This suit was brought to recover damages for personal in-
juries. The complaint alleges the defendant was engaged in
interstate commerce; that on the 18th day of January, 1927,
the plaintiff was employed as assistant station boy at re-
moving and loading mail into and from cars on the mail
trains operated by the defendant company, at its eastbound
Plainfield station; that the plaintiff slipped upon the truck
and fell between the truck and the baggage coach, the cause
of the slipping upon the truck platform of the truck was due
to the faulty condition of the platform of the truck and the
iron band binding the platform boards upon the truck, of
which the defendant company had prior notice, but neglected
to remedy the same, charging negligence in that respect as
the cause of the plaintiff's injuries. The trial resulted in a
verdict for the plaintiff for $3,000. The defendant obtained
a rule to show cause and writes down eight reasons for a new
trial. The view, which we take after reading the testimony,
renders it unnecessary to consider only one of the reasons,

viz., the verdict was contrary to the clear weight of the evidence. This we think is so. The only issue submitted by the trial court to the jury was a duty to provide "a safe truck," if you come to the conclusion that this truck was not in a defective condition, that ends the case—the plaintiff has no claim whatever." This was the sole issue upon the question of the defendant's negligence. To support the affirmative of that issue, the plaintiff was sworn and a witness, Fred H. Lanning, the night baggage agent at the Plainfield station, he testified, among other things, the plaintiff "slipped and fell off the truck." This testimony is rather unsatisfactory, both as to accuracy and truthfulness, in some of the details. As against this, the defendant produced four witnesses, Frank O. Webster, John Urquhart, Joseph Faulkaver and Tobias Nolan.

Our conclusion is the rule to show cause should be made absolute and a *venire de novo* should issue.